United States District Court
Southern District of Texas
**ENTERED**
March 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORD HOLLEY WELLS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-1856 |
| | § | |
| CHESAPEAKE ENERGY CORPORATION, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is Word Holley Wells and Leaila Wells's (collectively, "Plaintiffs") motion for leave to join Larchmont Resources, LLC ("Larchmont"). Dkt. 13. After considering the motion, responses, and applicable law, the court finds that the motion should be DENIED.

### I. BACKGROUND

In this breach of contract action, Plaintiffs allege that Chesapeake Energy Corporation; Chesapeake Operating, Inc.; Chesapeake Operating, L.L.C.; Chesapeake Energy Marketing, Inc.; Chesapeake Louisiana, L.P.; Freeport-McMoRan Oil & Gas, L.L.C.; PXP Louisiana L.L.C.; and PXP Louisiana Operations L.L.C. (collectively, "Defendants") have engaged in a scheme to underpay royalty owners, including Plaintiffs, who have leased property to Defendants for oil and gas exploration. Dkt 1-2 at 45. Plaintiffs originally filed this lawsuit in state court on May 15, 2015. *Id.* at 44. Defendants removed the case to this court on June 29, 2015. Dkt. 1. On August 25, 2015, Plaintiffs moved to join Larchmont as a defendant in this case. Dkt. 13. Plaintiffs allege that Larchmont is also liable for underpayment of royalties because defendant Chesapeake Louisiana, L.P. assigned part of its interest in Plaintiffs' leases to Larchmont. *Id.* at 2.

## II. LEGAL STANDARD AND ANALYSIS

Federal jurisdiction in this case is premised on diversity. Dkt. 1 at 5. Plaintiffs are citizens of Texas. Dkt. 1-2 at 46. It is unknown whether Larchmont is also a citizen of Texas and would destroy diversity if joined. Dkt. 13 at 6. Plaintiffs have presented various arguments in support of joining Larchmont, depending on whether Larchmont is diverse. The court will address each argument in turn.

### A. Joinder under Rule 19

If Larchmont is diverse, Plaintiffs argue that Larchmont is a required party and must be joined under Federal Rule of Civil Procedure 19. *Id.* at 4 n.3, 6. Rule 19 mandates joinder of a party who will not deprive the court of subject matter jurisdiction if:

> (A)  in that person's absence, the court cannot accord complete relief among existing parties; or
> (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i)  as a practical matter impair or impede the person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Besides the bare statement that "Larchmont is clearly a required party," Plaintiffs have offered no argument to support their position that Larchmont must be joined under Rule 19. Dkt. 13 at 6. Plaintiffs have neither shown nor argued that Defendants would be unable to satisfy a judgment in Larchmont's absence. Further, Plaintiffs have alleged joint and several liability. *Id.* at 3. Therefore, Plaintiffs can obtain complete relief from the current Defendants. Similarly, Plaintiffs have not argued that disposing of this action in Larchmont's absence would impair Larchmont's ability to protect its interest in the leases, nor have they argued that failure to join Larchmont would leave an existing defendant subject to multiple or inconsistent obligations.

x

The mere fact that Larchmont has some interest in the action is insufficient to mandate joinder under the plain language of Rule 19. Therefore, the court finds that joinder under Rule 19 is inappropriate.

**B.   Joinder under Rules 15 and 20**

If Larchmont is diverse, Plaintiffs argue that they should be given leave to amend their complaint to join Larchmont under Federal Rules of Civil Procedure 15 and 20. *Id.* at 3–5; *see also Gallegos v. Safeco Ins. Co. of Ind.*, No. CIV.A. H-09-2777, 2009 WL 4730570, at *2 (S.D. Tex. Dec. 7, 2009) (Rosenthal, J.) (explaining that a motion for leave to amend to join a non-diverse party is governed by 28 U.S.C. § 1447(e), not Rule 15). Plaintiffs assert that Larchmont is unquestionably financially interested in the outcome of this litigation and that they have not delayed nor do they have a bad motive in seeking to join Larchmont. Dkt. 13 at 4. Further, Plaintiffs argue that the claims against Larchmont arise from the same transaction as the other claims in this lawsuit and that Larchmont is jointly and severally liable for Plaintiffs' damages. *Id.* at 4–5.

Under Rule 20, a party may be joined as a defendant if

(A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B)   any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In order to join a diverse, permissive party under Rule 20, Plaintiffs must seek leave to amend their complaint under Rule 15. Under Rule 15, "[t]he court should freely give leave when justice so requires." *Id.* 15(a)(2). The court must have a "substantial reason" to deny a request for leave to amend, but "leave to amend is by no means automatic." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citation omitted). In deciding whether to grant leave to amend a complaint, the court "may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.* (citation omitted).

Plaintiffs moved to join Larchmont on August 25, 2015. Dkt. 13. Plaintiffs claim that they discovered partial assignments of interest in Plaintiffs' land to Larchmont on the same day. *Id.* at 2. However, Defendants produced a letter showing that Plaintiffs' counsel was actually informed of Larchmont's interest in the leases on April 6, 2015, over a month before Plaintiffs filed this lawsuit and over four months before Plaintiff sought leave to add Larchmont. *See* Dkt. 17, Ex. B. Based on these circumstances, the court finds that Plaintiffs were dilatory in seeking leave to amend and that Plaintiffs have sought to add Larchmont for the improper purpose of destroying diversity jurisdiction. Therefore, the court finds that granting leave to amend would not serve the interests of justice.

**C.     Joinder under 28 U.S.C. § 1447(e)**

If Larchmont is non-diverse, Plaintiffs argue that the court should permit joinder of Larchmont pursuant to 28 U.S.C. § 1447(e). Where a plaintiff seeks to join an additional defendant after removal whose joinder would destroy the court's subject matter jurisdiction, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (2012). "The decision between these two options rests squarely within the discretion of the district court." *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 888–89 (S.D. Tex. 2010) (Hacker, J.). However, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In *Hensgens*, the Fifth Circuit identified four factors for the district court to consider in deciding the joinder question: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether

4

plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Id.* The court will address each factor in turn.

### 1.     Whether the purpose of the amendment is to defeat federal jurisdiction

In analyzing the first *Hensgens* factor, courts consider "whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed" and whether the plaintiff states a valid claim against the non-diverse defendant. *Gallegos*, 2009 WL 4730570, at *3–4 (citations and internal quotation marks omitted). Courts have found that a plaintiff's possession of a valid claim suggests that the purpose of a proposed amendment is not to defeat diversity. *Id.* at *4. "However, where a plaintiff knew or should have known the identity of the nondiverse defendant at the time of the lawsuit's original filing in state court, many courts have viewed this scenario with much suspicion and have suggested and/or determined that a plaintiff's effort was, in fact, to frustrate diversity jurisdiction." *Martinez*, 701 F. Supp. 2d at 889.

The court assumes, without deciding, that Plaintiffs have stated a valid claim against Larchmont. However, as noted above, Plaintiffs were informed of Larchmont's identity on April 6, 2015, over a month before filing their lawsuit in state court on May 15, 2015. Although Plaintiffs may have a valid claim against Larchmont, the history of this case raises the strong inference that Plaintiffs waited to join Larchmont until after removal for the purpose of defeating diversity jurisdiction. *See WNWSR, L.L.C. v. Chesapeake Energy Corp.*, No. 4:15-CV-1860, 2015 WL 7357840, at *4 (S.D. Tex. Nov. 19, 2015) (Atlas, J.) (finding, in a related case, that the plaintiff was aware of its potential claims against Larchmont at the time of filing and that the sequence of events revealed the plaintiff's intent to defeat federal jurisdiction). Therefore, the first *Hensgens* factor weighs against permitting joinder of Larchmont.

5

**2. Whether Plaintiffs have been dilatory in asking for amendment**

In analyzing the second *Hensgens* factor, "courts often look to the amount of time between the original state court action and the request to amend, and the time between removal and the request." *Lowe v. Singh*, No. 10-CV-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010) (Werlein, J.). In general, a plaintiff is not dilatory in seeking to amend his complaint where no trial or pre-trial dates are scheduled and no significant activity beyond the pleading stage has occurred. *Gallegos*, 2009 WL 4730570, at *4. The analysis is different, however, when the proposed amendment would add a non-diverse defendant after removal and defeat diversity jurisdiction. *Id.* In this situation, a delay in making the request to amend of two months after filing the original complaint or thirty days after the notice of removal has been found dilatory. *Id.; see Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. 15-CV-19, 2015 WL 1275915, at *6 (W.D. Tex. Mar. 19, 2015) (noting that courts have found similar delays dilatory, especially where the plaintiff knew of the non-diverse defendant's role in the case at the time of filing in state court and yet failed to sue that defendant).

Plaintiffs filed their original state court action on May 15, 2015; the case was removed to this court on June 29, 2015; and Plaintiffs moved to add Larchmont on August 25, 2015. Dkt. 1; Dkt. 1–2 at 44; Dkt. 13. Therefore, Plaintiffs moved to amend over three months after filing their original complaint and almost two months after the case was removed. As noted above, Plaintiffs learned of Larchmont's interest before filing their state court lawsuit. Based on these circumstances, the court finds that Plaintiffs were dilatory in seeking leave to amend. Therefore, the second *Hensgens* factor weighs against permitting joinder of Larchmont.

**3. Whether Plaintiffs will be significantly injured if amendment is not allowed**

In analyzing the third *Hensgens* factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Lowe*, 2010 WL 3359525, at *3 (citation and

internal quotation marks omitted). Therefore, "courts consider whether the already named diverse defendant would be unable to satisfy a future judgment." *Gallegos*, 2009 WL 4730570, at *5; *see also Wein*, 2015 WL 1275915, at *6 (finding that the third *Hensgens* factor weighed against joinder where there was no indication that the originally-sued defendant would be unable to satisfy a judgment).

Here, there is no evidence that Defendants would be unable to satisfy a judgment in Larchmont's absence. *See* Dkt. 17 at 6 ("Plaintiffs have not alleged, and have no basis to allege, that Defendants would be unable to satisfy a damages award in this case."). Moreover, Plaintiffs allege that Larchmont and the other Defendants are jointly and severally liable for the alleged underpayment of royalties. Dkt. 13 at 5. Therefore, Plaintiffs can obtain relief from the current Defendants. Further, Plaintiffs can still pursue their claims against Larchmont in state court. Plaintiffs argue, however, that they would be injured by having to file a separate state court lawsuit. *Id.* at 8. Even though filing a separate state court suit would cause Plaintiffs some inconvenience, the cost of this additional litigation stems from Plaintiffs' own failure to initially join Larchmont in their state court petition. *See WNWSR*, 2015 WL 7357840, at *5 (finding that the plaintiff accepted the inconveniences of parallel proceedings in state court when it failed to join the non-diverse defendants initially). Additionally, there is reason to doubt that Plaintiffs will file a state court lawsuit against Larchmont, given that they failed to join Larchmont in their original state court petition and that Larchmont owns a small, 2.5% interest or less in their leases. *See* Dkt. 17, Ex. B; *see also Wein*, 2015 WL 1275915, at *6 (finding that there was reason to question whether the plaintiff would pursue state court litigation against the non-diverse defendants given that he did not name them in his original complaint); *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, No. 11-CV-1007, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012) (finding that the possibility of parallel suits could

not outweigh the plaintiff's clear motive to destroy diversity where it was doubtful that plaintiff would pursue the parallel litigation).

The court finds that Plaintiffs will not be significantly injured if joinder of Larchmont is disallowed. Therefore, the third *Hensgens* factor weighs against permitting joinder of Larchmont.

### 4. Other equitable factors

Under the fourth *Hensgens* factor, courts consider "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. The parties have not identified any relevant equitable factors that were not considered in the court's analysis of the other *Hensgens* factors. Therefore, the fourth *Hensgens* factor is neutral. *See Lowe*, 2010 WL 3359525, at *3 ("The Court discerns no other factors bearing on the equities not already analyzed in connection with the first three factors, making the fourth *Hensgens* factor neutral."); *see also Gallegos*, 2009 WL 4730570, at *5 (finding the fourth *Hensgens* factor neutral where equitable considerations, such as the defendant's right to a federal forum and the possibility of parallel state court proceedings, were properly considered as part of the other factors).

After a review of the *Hensgens* factors, three factors weigh against allowing joinder of Larchmont and one factor is neutral. Therefore, the *Hensgens* factors weigh heavily against permitting joinder of Larchmont under 28 U.S.C. § 1447(e).

The court finds that, regardless of whether Larchmont is diverse, Plaintiffs have presented no theory under which Larchmont may be joined. Therefore, determination of Larchmont's citizenship is unnecessary. Accordingly, Plaintiffs' motion for leave to join Larchmont is DENIED.

### III. CONCLUSION

Plaintiffs' motion for leave to join Larchmont (Dkt. 13) is DENIED.

Signed at Houston, Texas on March 28, 2016.

_____
Gray H. Miller
United States District Judge